Alyssa A. Qualls (IL Bar No. 6292124)
Email: quallsa@sec.gov
Amy S. Cotter (IL Bar No. 6238157)
Email: cottera@sec.gov
Raven A. Winters (IL Bar No. 6291077)
Email: wintersr@sec.gov

Attorneys for Plaintiff
David Glockner, Regional Director
Robert J. Burson, Associate Regional Director
Amy S. Cotter, Assistant Regional Director
Alyssa A. Qualls, Regional Trial Counsel
Securities and Exchange Commission
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**Northern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>        vs.<br><br>DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC.,<br><br>                Defendants,<br><br>        and<br><br>LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC,<br><br>                Relief Defendants. | Case No.  3:16-cv-00270<br><br>**TEMPORARY RESTRAINING ORDER, ASSET FREEZE, AND ORDER FOR OTHER EMERGENCY RELIEF**<br><br>**FILED UNDER SEAL** |

Case No.3:16-cv-00270

This cause is coming before the Court upon Plaintiff United States Securities and Exchange Commission's (the "SEC") Emergency Motion for an *ex parte* Temporary Restraining Order, Asset Freeze Order, and Other Emergency Relief (the SEC's Emergency Motion) against Defendants David B. Kaplan, Esq., Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions, International, Ltd., and Manna International Enterprises, Inc. (collectively, the "Defendants") and for Asset Freeze against Lisa M. Kaplan, The Water-Walking Foundation, Inc. and Manna Investments, LLC (collectively, the "Relief Defendants"). The Court has considered the SEC's Emergency Motion, the memorandum of law in support the motion, all of the declarations, exhibits, and other documents filed in connection with the motion, has read the complaint, and considered the arguments, and having been fully advised in the premises, finds:

A. That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto;

B. That the SEC has made a sufficient and proper showing in support of the relief granted by presenting a *prima facie* case of securities laws violations by the Defendants David B. Kaplan, Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions, International, Ltd., and Manna International Enterprises, Inc. There is good cause to believe that the SEC will ultimately succeed in establishing the alleged violations; and

C. The Court finds good cause to believe that, unless restrained and enjoined by Order of this Court, Defendants David B. Kaplan, Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions, International, Ltd., and Manna International Enterprises, Inc. may continue to violate the federal securities laws and may dissipate, conceal or transfer assets which could be subject to an order of disgorgement or civil penalties.

D. This Order is entered without notice being provided to the Defendants or Relief Defendants, pursuant to Federal Rule of Civil Procedure 65(b), on the grounds that it has been clearly demonstrated by the SEC that immediate and irreparable injury, loss, or damage may result if advance notice were given to the Defendants or Relief Defendants, in that there exists a risk that investor funds may be dissipated and/or documents destroyed.

In consideration of the foregoing, the Court being fully advised in the premises, and

1

pending determination of the Commission's motion for a preliminary injunction:

## I.

## **TEMPORARY RESTRAINING ORDER**

**IT IS HEREBY ORDERED** that pending resolution of the SEC's request for a Preliminary Injunction, Defendants David B. Kaplan, Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions, International, Ltd., and Manna International Enterprises, Inc., and each of their officers agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Temporary Restraining Order and Order for Other Emergency Relief ("Order") by personal service or otherwise, including electronic mail or overnight delivery service, are restrained from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS HEREBY FURTHER ORDERED** that, pending resolution of the SEC's request for a Preliminary Injunction, **Defendants David B. Kaplan, Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions, International, Ltd., and Manna International Enterprises, Inc.,** and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Order by personal service or otherwise, including electronic mail or overnight delivery service, any manner permitted by the Order, are hereby restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)],  and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

## ORDER PROHIBITING DEFENDANTS FROM SOLICITING INVESTORS

**IT IS HEREBY FURTHER ORDERED** that Defendants David B. Kaplan, Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions, International, Ltd., and Manna International Enterprises, Inc., and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including electronic mail or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies from actual or prospective investors pending the resolution of this action.

## III.

## ORDER FREEZING ASSETS OF DEFENDANTS AND RELIEF DEFENDANTS AND REQUIRING REPATRIATION OF ASSETS OF DEFENDANTS

**IT IS HEREBY FURTHER ORDERED** that:

 A. Defendants David B. Kaplan, Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions, International, Ltd., and Manna International Enterprises, Inc., and Relief Defendants Lisa M. Kaplan, The Water-Walking Foundation, Inc. and Manna Investments, LLC and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including electronic mail or overnight delivery service, shall hold and retain funds and other assets of Defendants David B. Kaplan, Synchronized Organizational

1  Solutions, LLC, Synchronized Organizational Solutions, International, Ltd., and Manna
2  International Enterprises, Inc., and Relief Defendants Lisa M. Kaplan, The Water-Walking
3  Foundation, Inc. and Manna Investments, LLC presently held by them, for their direct or indirect
4  benefit, under their direct or indirect control or over which they exercise actual or apparent
5  investment or other authority (including assets held in the name of or for the benefit of Defendants
6  David B. Kaplan, Synchronized Organizational Solutions, LLC, Synchronized Organizational
7  Solutions, International, Ltd., and Manna International Enterprises, Inc., and Relief Defendants Lisa
8  M. Kaplan, The Water-Walking Foundation, Inc. and Manna Investments, LLC), in whatever form
9  such assets may presently exist and wherever located, and shall prevent any withdrawal, sale,
10 payment (including, but not limited to, any charges on any credit card or draws on any other credit
11 arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or
12 diminution in value of any such funds or other assets, which are hereby frozen, including, but not
13 limited to, such funds held in the following accounts:

| Institution | Account Number | Account Name |
|---|---|---|
| Bank of America | #XXX-9027 | Kaplan, David B. |
| Bank of America | #XXX-9030 | Kaplan, David B. |
| Bank of America | #XXX-4100 | Synchronized Organizational Solutions LLC |
| Banner Bank | #XXX-0889 | Kaplan, David B. and Lisa M. |
| Banner Bank | #XXX-0589 | The Water Walking Foundation |
| Choice Bank Ltd | #XXX-0125 | Kaplan, David B. |
| Citibank | #XXX-0595 - Credit Card | Kaplan, David B. |
| Citibank | #XXX-7028 - Loan | Kaplan, David B. |
| Citibank | #XXX-7740 | Manna International Enterprises Inc. |
| Citibank | #XXX-7757 | Manna International |

| | | |
|---|---|---|
| | | Enterprises Inc. - Attorney Trust |
| Citibank - Hong Kong | #XXX-1409 | Manna International Enterprises Inc. |
| Citibank - Singapore | #XXX-0772 | Kaplan, David B. |
| Capital Security Bank Ltd. | #XX-4775 | Kaplan, David B. |
| EverBank | #XXX-1372 | Kaplan, David B. |
| EverBank | Portfolio ID# XXX-5773 Accts #XXX-3001; #XXX-3002; #XXX-3003; #XXX-3004; #XXX-3005 | Kaplan, David B. |
| FINF X Trading OY | #XXX-820Q | Kaplan, David |
| GoldMoney.Com | #XXX-820Q | Kaplan, David B. |
| HSBC - Hong Kong | #XXX-9838 | Synchronized Organizational Solutions International, LLC |
| JPMorgan Chase | #XXX-0557 | Kaplan, David B. |
| JPMorgan Chase | Credit Cards #XXX-3922 #XXX-5260 #XXX-8602 | Kaplan, David B. |
| JPMorgan Chase | #XXX-2377 | Kaplan, David B. Attorney at Law Global Paymasters LLC |

5

| | | |
|---|---|---|
| JPMorgan Chase | #XXX-4058 | Manna Investments LLC |
| JPMorgan Chase | #XXX-3993 | Synchronized Organizational Solutions LLC |
| Merrill Lynch - Edge | #XXX-4R29 | Kaplan, David B. |
| Merrill Lynch - Edge | #XXX-4R26 | Kaplan, David B. - IRRA |
| OCBC - Hong Kong | #XXX-4051 | Synchronized Organizational Solutions International, LLC |
| Silver Bullion Pte. Ltd. | #XXX-7067 | Kaplan, David B. |
| Spokane Teachers Credit Union | Member #XXX-0018 Credit Card #XXX-5218 Accts #XXX-2526; #XXX-0797; & #XXX-4124 | Kaplan, David B. and Lisa M. |
| TD Ameritrade | #XXX-8969 | Kaplan, David B. |
| USAA Federal Savings Bank | #XXX-0208 - Credit Card | Kaplan, David B. |
| Wells Fargo Bank | #XXX-7815 | Kaplan, David B. |
| Wells Fargo Bank | #XXX-9813 | Kaplan, David B. |
| Wells Fargo Bank | #XXX-1423 | Kaplan, David B.  Attorney at Law - CA IOLTA |
| Wells Fargo Bank | #XXX-2016 | Kaplan, Lisa & David B. |
| Wells Fargo Bank | #XXX-9299 | Kaplan, Lisa & David B. |
| Wells Fargo Bank | #XXX-4725 | Manna International Enterprises Inc. |
| Wells Fargo Bank | #XXX-9129 | Manna International Enterprises Inc. |
| Wells Fargo Bank | #XXX-9137 | Manna International Enterprises Inc. |

| Wells Fargo Bank | #XXX-5045 | The Water Walking Foundation |

B.  All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including electronic mail or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendants or Relief Defendants, or over which Defendants or Relief Defendants exercise actual or apparent investment or other authority (including assets in the name of Defendants or Relief Defendants), in whatever form such assets may presently exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph III.A above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

C.  Defendants, within seven (7) days from service of this Order, shall repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by or in the name of David B. Kaplan, Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions International, Ltd., or Manna International Enterprises, Inc., or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

1. Held in foreign bank, brokerage, or other financial accounts;
2. Transferred out of the United States from any account within the territory of the United States at any point from May 1, 2012 to the present.

Each of Defendants shall provide to this Court and to the SEC, within ten (10) calendar days from the service of this Order, a written description of all funds and assets required to be repatriated and the status and location of such funds and assets.

7

## IV.

## <u>ORDER REQUIRING DEFENDANTS TO SUBMIT AN ACCOUNTING</u>

**IT IS HEREBY FURTHER ORDERED** that Defendants shall each submit in writing and serve upon the Commission, within five (5) business days following service of this Order upon them, an accounting identifying:

A.  All transfers or payments of funds to them or any other entity controlled by them from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

B.  In detail, the precise disposition of each transfer or payment identified in response to paragraph A above and all assets derived therefrom, including but not limited to (i) the nature and results of any investment in which the funds were used; (ii) any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); (iii) any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses, (iv) by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in Paragraph IV.A above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

C.  Assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of defendants, whether in the United States or elsewhere; and

D.  All accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect

8

control, of defendants, or in which defendants have or had any direct or indirect beneficial interest, at any time from May 1, 2012 to the present.

## V.

## ORDER REQUIRING DEFENDANTS TO PRESERVE DOCUMENTS

**IT IS HEREBY FURTHER ORDERED** that Defendants and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including electronic mail or overnight delivery service, are hereby restrained from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to defendants or the misconduct described in the Complaint.

## VI.

## ORDER REQUIRING EXPEDITED DISCOVERY

**IT IS HEREBY FURTHER ORDERED that:**

A.  Upon entry of this Order, the SEC may take depositions upon oral examination of parties and non-parties subject to three (3) calendar days' notice. All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas and documents sought from nonparties, and such nonparties shall be subject to at least three (3) calendar days' notice. Parties failing to appear for a properly noticed deposition shall be prohibited from introducing evidence at a hearing on the SEC's request for a preliminary injunction.

B.  Upon entry of this Order, the SEC shall be entitled to serve requests for the production of documents, requests for admissions, and interrogatories. Absent agreement of the parties or an order of this Court, Defendants shall respond to such discovery requests and produce responsive documents within 3 calendar days of service.

C.  Service of discovery requests shall be sufficient if made upon counsel of record or, if there is no counsel of record, upon the party itself, by both email and overnight courier delivery. All responses to the SEC's discovery, all discovery and pleadings, and all information to which the SEC

is entitled pursuant to the terms of this Order shall be delivered to Alyssa Qualls, Securities and Exchange Commission, Chicago Regional Office, by email (quallsa@sec.gov) or by overnight or messenger courier delivery (175 W. Jackson Blvd., Suite 900, Chicago, Illinois 60604, 312-886-2542).

D. Should Defendants fail to respond to a request for admission within 5 calendar days of service, that request may be deemed admitted for all purposes in this action.

E. Should a Defendant fail to respond to an interrogatory within 5 calendar days of service, that party may be prohibited from introducing any evidence concerning the subject of the interrogatory for any purpose in this action.

F. Should a Defendant fail to produce a responsive document within 5 calendar days of service, that party may be prohibited from introducing the withheld document for any purpose in this action.

G. Depositions may be taken by telephone or other remote electronic means.

H. Depositions taken pursuant to this Order shall not impact the number of depositions the SEC is may take in regular, non-expedited discovery.

I. Interrogatories issued pursuant to this Order shall not impact the number of interrogatories the SEC is may issue in regular, non-expedited discovery.

## VII.

## ORDER ISSUING WRIT OF NE EXEAT

## AND REQUIRING SURRENDER OF PASSPORT(S)

**IT IS HEREBY FURTHER ORDERED that:**

A. Kaplan not leave the United States and

B. Kaplan is to surrender to the Clerk of the Court all passports that he holds within three (3) business days of service of this Order. Kaplan's passport(s) will be retained by the Court during the duration of this Order.

## VIII.

## **MEANS OF SERVICE**

**IT IS HEREBY FURTHER ORDERED** that service of any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to email, overnight courier, personal delivery, or U.S. mail.

## IX.

## **OTHER RELIEF**

**IT IS HEREBY FURTHER ORDERED** that the United States Marshal in any district in which any defendant resides, transacts business or may be found is authorized and directed to make service of process upon any Defendant at the request of the Commission.

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS HEREBY FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the Commission.

**IT IS HEREBY FURTHER ORDERED** that this Order shall expire at 11:59 P.M. fourteen days following the entry of this order, unless otherwise ordered by this Court.  Plaintiff is given leave to file a request to extend this Order before the expiration of this Order, and to file a motion for preliminary injunction.

**SO ORDERED at    5:08   p.m. this 20th day of  May, 2016**

Miranda Du

United States District Judge