<br>

1                    **UNITED STATES DISTRICT COURT**

2                      **DISTRICT OF NEVADA**

3                        **Northern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  3:13-cv-00270-MMD-VPC |
| Plaintiff, | **Honorable Miranda Du** |
| vs. | |
| DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC., | **AGREED ORDER OF PRELIMINARY INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS AND RELIEF DEFENDANTS** |
| Defendants, | |
| and | |
| LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC, | |
| Relief Defendants. | |

This cause is coming before the Court upon the Joint Motion for Entry of Agreed Order of Preliminary Injunction filed by Plaintiff United States Securities and Exchange Commission's (the "SEC"), Defendants David B. Kaplan, Esq., Synchronized Organizational Solutions, LLC ("SOS"), Synchronized Organizational Solutions, International, Ltd. ("SOSI"), and Manna International Enterprises, Inc. ("Manna Int'l") (collectively, the "Defendants"), and Relief Defendants Lisa M. Kaplan ("L. Kaplan"), The Water-Walking Foundation, Inc. ("WWF"), and Manna Investments, LLC ("Manna") (collectively, the "Relief Defendants"), the Court finds as follows:

A.      The SEC has filed a complaint alleging that Defendants Kaplan, SOS, SOSI, and Manna Int'l have made material misrepresentations and engaged in transactions, practices and courses of business that violate Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15

U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder.

B.    This Court has jurisdiction over the subject matter of this case and over Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna, and the SEC is the proper party to bring this action seeking the relief sought in the SEC's complaint.

C.    Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna have consented to the Court's personal jurisdiction over them and the Court's jurisdiction over the subject matter of this action.

D.    Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna acknowledge service of the SEC's Complaint, its Motion for Temporary Restraining Order and related papers and the Court's May 20, 2016 and May 27, 2016 Orders.

E.    Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna have consented to the entry of this Order without admitting or denying the allegations of the complaint (except as to jurisdiction), and have waived findings of fact, conclusions of law, and any right to appeal from this Order.

F.    Therefore, the Agreed Motion for Preliminary Injunction should be, and is, granted as set forth more fully below.

# I.

## ASSET FREEZE AND REPATRIATION OF ASSETS

**IT IS HEREBY ORDERED** that until the expiration of this Order or as otherwise ordered by the Court:

A.    All funds and other assets held, managed or controlled, whether directly or indirectly, by Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna are hereby frozen.

B.    Accordingly, Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna and any of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email, or otherwise,

1 are hereby restrained from, directly or indirectly, transferring, selling, encumbering, receiving,

2 concealing, changing, pledging, hypothecating, assigning, liquidating, incurring debt upon, or

3 otherwise disposing of, or withdrawing, any funds, assets or other property (including money, real

4 or personal property, securities, chose in action or any other form of asset or property of any kind

5 whatsoever).

6        C.     The asset freeze articulated herein extends to all assets, including any accounts at

7 any financial institution, held by Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief

8 Defendants L. Kaplan, WWF, and Manna, for Defendants' or Relief Defendants' direct or indirect

9 benefit, under their direct or indirect control or over which they exercise actual or apparent

10 investment or other authority (including assets held in the name of or for the benefit of Defendants

11 or Relief Defendants), in whatever form such assets may presently exist and wherever located.

12        D.     Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan,

13 WWF, and Manna and their agents, servants, employees, attorneys, depositories, banks, and those

14 persons in active concert or participation with any one or more of them, and each of them, who

15 receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by

16 personal service, mail, facsimile transmission, email, or otherwise, are hereby restrained from,

17 directly or indirectly, transferring, selling, encumbering, receiving, concealing, changing, pledging,

18 hypothecating, assigning, liquidating, incurring debt upon, or otherwise disposing of, or

19 withdrawing, any funds or assets, that constitute investor funds or any accounts or property into

20 which investor funds were deposited or invested.

21        E.     Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan,

22 WWF, and Manna and their agents, servants, employees, attorneys, depositories, banks, and those

23 persons in active concert or participation with any one or more of them, and each of them, who

24 receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by

25 personal service, mail, facsimile transmission, email, or otherwise, are hereby restrained from

26 opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage

27 facilities titled in the name of Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief

28 Defendants L. Kaplan, WWF, and Manna, or subject to access by them, without providing the SEC

prior notice and an opportunity to inspect the contents in order to determine whether they contain assets subject to this Order.

F.      Any bank, financial or brokerage institution or other person or entity holding any such funds or anything else of value, in the name of, for the benefit of, or under the control of Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna, or any account holding investor funds wherever located, and that receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, email, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds, assets or property belonging to Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna have a beneficial interest, wherever located and held in whatever name.

G.      Assets covered by this Order include, but are not limited to, any holdings in the following accounts:

| Institution | Account Number | Account Name |
|---|---|---|
| Bank of America | #XXX-9027 | Kaplan, David B. |
| Bank of America | #XXX-9030 | Kaplan, David B. |
| Bank of America | #XXX-4100 | Synchronized Organizational Solutions LLC |
| Banner Bank | #XXX-0889 | Kaplan, David B. and Lisa M. |
| Banner Bank | #XXX-0589 | The Water Walking Foundation |
| Choice Bank Ltd | #XXX-0125 | Kaplan, David B. |
| Citibank | #XXX-0595 - Credit Card | Kaplan, David B. |
| Citibank | #XXX-7028 - Loan | Kaplan, David B. |
| Citibank | #XXX-7740 | Manna International Enterprises Inc. |
| Citibank | #XXX-7757 | Manna International Enterprises Inc. - Attorney Trust |
| Citibank - Hong Kong | #XXX-1409 | Manna International Enterprises Inc. |
| Citibank - Singapore | #XXX-0772 | Kaplan, David B. |
| Capital Security Bank Ltd. | #XX-4775 | Kaplan, David B. |
| EverBank | #XXX-1372 | Kaplan, David B. |

| Institution | Account Number | Account Name |
|---|---|---|
| EverBank | Portfolio ID# XXX-5773 Accts #XXX-3001; #XXX-3002; #XXX-3003; #XXX-3004; #XXX-3005 | Kaplan, David B. |
| FINF X Trading OY | #XXX-820Q | Kaplan, David |
| GoldMoney.Com | #XXX-820Q | Kaplan, David B. |
| HSBC - Hong Kong | #XXX-9838 | Synchronized Organizational Solutions International, LLC |
| JPMorgan Chase | #XXX-0557 | Kaplan, David B. |
| JPMorgan Chase | Credit Cards #XXX-3922 #XXX-5260 #XXX-8602 | Kaplan, David B. |
| JPMorgan Chase | #XXX-2377 | Kaplan, David B. Attorney at Law Global Paymasters LLC |
| JPMorgan Chase | #XXX-4058 | Manna Investments LLC |
| JPMorgan Chase | #XXX-3993 | Synchronized Organizational Solutions LLC |
| Merrill Lynch - Edge | #XXX-4R29 | Kaplan, David B. |
| Merrill Lynch - Edge | #XXX-4R26 | Kaplan, David B. - IRRA |
| OCBC - Hong Kong | #XXX-4051 | Synchronized Organizational Solutions International, LLC |
| Silver Bullion Pte. Ltd. | #XXX-7067 | Kaplan, David B. |
| Spokane Teachers Credit Union | Member #XXX-0018 Credit Card #XXX-5218 Accts #XXX-2526; #XXX-0797; & #XXX-4124 | Kaplan, David B. and Lisa M. |
| TD Ameritrade | #XXX-8969 | Kaplan, David B. |
| USAA Federal Savings Bank | #XXX-0208 - Credit Card | Kaplan, David B. |
| Wells Fargo Bank | #XXX-7815 | Kaplan, David B. |
| Wells Fargo Bank | #XXX-9813 | Kaplan, David B. |
| Wells Fargo Bank | #XXX-1423 | Kaplan, David B.  Attorney at Law - CA IOLTA |
| Wells Fargo Bank | #XXX-2016 | Kaplan, Lisa & David B. |
| Wells Fargo Bank | #XXX-9299 | Kaplan, Lisa & David B. |

| Institution | Account Number | Account Name |
|---|---|---|
| Wells Fargo Bank | #XXX-4725 | Manna International Enterprises Inc. |
| Wells Fargo Bank | #XXX-9129 | Manna International Enterprises Inc. |
| Wells Fargo Bank | #XXX-9137 | Manna International Enterprises Inc. |
| Wells Fargo Bank | #XXX-5045 | The Water Walking Foundation |

H.     To facilitate this asset freeze, within 24 hours of receiving a copy of this order, Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna shall identify with specificity to the SEC all accounts, including bank accounts, brokerage accounts, retirement accounts, and/or trust accounts, in which Defendants Kaplan, SOS, SOSI, and Manna Int'l and Relief Defendants L. Kaplan, WWF, and Manna have an ownership or beneficial interest.

I.     Nothing in this Order shall be construed as preventing Defendant Kaplan or Relief Defendant L. Kaplan from moving the Court to provide a carve-out for ordinary living expenses and/or legal expenses or to otherwise modify this Order in the future. Similarly, nothing in this Order shall be construed as preventing the SEC from opposing any such motions.

J.     Defendants Kaplan, SOS, SOSI, and Mann Int'l, within seven (7) days of entry of this Order, shall repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by or in the name of David B. Kaplan, Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions International, Ltd., or Manna International Enterprises, Inc., or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

1.     Held in foreign bank, brokerage, or other financial accounts;

2.     Transferred out of the United States from any account within the territory of the United States at any point from May 1, 2012 to the present; and

3.     Each of Defendants shall provide to this Court and to the SEC, within ten (10) calendar days of entry of this Order, a written description of all funds

and assets required to be repatriated and the status and location of such funds and assets.

## II.

### ORDER PROHIBITING SOLICITATION

A.    **IT IS HEREBY ORDERED** that Defendants Kaplan, SOS, SOSI, and Manna Int'l and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including electronic mail or overnight delivery service, are hereby prohibited from soliciting, accepting, or depositing any monies from actual or prospective investors pending the resolution of this action.

## III.

### ORDER PROHIBITING DESTRUCTION OF RECORDS

A.    **IT IS HEREBY ORDERED** that Defendants Kaplan, SOS, SOSI, and Manna Int'l and all of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any of them, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, electronic files, computers, or any other property or data of any kind, and wherever located or stored: (1) pertaining in any way to any matter described in the complaint, or any amendment thereto, filed by the Commission in this action; or (2) that were created modified or accessed by Kaplan. (These documents and data are collectively referred to here as "Evidence").

B.    Such Evidence includes both "hard copy" versions and electronically-stored information in Defendants' possession, custody or control, including text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, databases, calendars and scheduling information, log, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence or communication of any kind. Evidence that is stored electronically may be maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDA, or other

handheld/smartphone devices.

C.      The obligations set forth in Section III include an obligation to provide notice to all employees, custodians, agents, or contractors of Defendants who may be in possession of Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third-parties, such as an internet service provider or a cloud computing provider, if such Evidence is within Defendants' control.

D.      Defendants Kaplan, SOS, SOSI, and Manna Int'l are ordered to act affirmatively to prevent the destruction of Evidence. This duty may necessitate: (1) quarantining certain Evidence to avoid its destruction or alteration; or (2) discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders.

E.      Defendants Kaplan, SOS, SOSI, and Manna Int'l are directed not to run or install any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain Evidence.

# IV.

## ACCOUNTING

**IT IS HEREBY FURTHER ORDERED** that Defendants Kaplan, SOS, SOSI, and Manna Int'l shall each submit in writing and serve upon the Commission, within five (5) business days following service of this Order upon them, an accounting identifying:

A.      All transfers or payments of funds to them or any other entity controlled by them from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

B.      In detail, the precise disposition of each transfer or payment identified in response to paragraph A above and all assets derived therefrom, including but not limited to (i) the nature and results of any investment in which the funds were used; (ii) any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party

making and receiving the transfer or payment, and the reason for the transfer or payment); (iii) any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses, (iv) by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in Paragraph IV.A above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

C.     Assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendants, whether in the United States or elsewhere; and

D.     All accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of defendants, or in which defendants have or had any direct or indirect beneficial interest, at any time from May 1, 2012 to the present.

## V.

## SURRENDER OF PASSPORT(S)

**IT IS HEREBY FURTHER ORDERED that:**

A.     Kaplan not leave the United States; and

B.     Kaplan is to surrender to the Clerk of the Court all passports that he holds. Kaplan's passport(s) will be retained by the Court until such time Kaplan may show cause why the writ should be terminated and the passport(s) returned to him.

## VI.

## MEANS OF SERVICE

A.     **IT IS HEREBY ORDERED** that service of any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to email, overnight courier, personal delivery, or U.S. mail.

Case No. 3:16-CV-00270-MMD-VPC

**VII.**

**OTHER RELIEF**

A.      This Court shall retain jurisdiction of this matter for all purposes.

B.      Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

C.      Nothing contained in this Order limits the ability of the SEC to amend its complaint to the extent permissible by the Federal Rules of Civil Procedure and the local rules of this Court.

**VIII.**

**PRESERVATION OF RIGHTS AND PRIVILEGES**

Nothing in this Order shall be construed to require that Defendant Kaplan abandon or waive any constitutional or other available legal privilege, including the Fifth Amendment privilege against self-incrimination.  In turn, nothing in this Order shall prevent the SEC from opposing or challenging any assertion by Defendant Kaplan of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

**IX.**

**DURATION**

This Order shall remain in effect until a final adjudication on the merits of this litigation, unless otherwise ordered by the Court.


**SO ORDERED:**


_____
Miranda Du
United States District Judge


**Dated**: _June 9_____, 2016