UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD, and MANNA INTERNATIONAL ENTERPRISES, INC.,<br><br>Defendants,<br>and<br><br>LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC,<br><br>Relief Defendants. | Case No. 3:16-cv-00270-MMD-VPC<br><br>ORDER |

Before the Court is Defendant David B. Kaplan's ("Kaplan") motion to represent his co-defendants ("Defendants") and Relief Defendants ("Motion"). (ECF No. 73.) Plaintiff has responded and Defendant has replied. (ECF Nos. 76, 77.) For the reasons discussed below, the Motion is denied.

Kaplan asked the Court to waive the requirements of LR IA11-2(a) and LR IA 11-2(b)'s admission fee.[1] In particular, Kaplan asked the Court to waive two of LR IA 11-2(a)'s requirements: (1) that an attorney who is seeking admission to practice in a particular case not be a resident of Nevada and (2) that the attorney associate an active

---
[1]Kaplan seeks *in forma pauperis* status pursuant to LSR 1-1 in asking the Court to waive LR IA 11-2(b)'s admission fee. (ECF No. 73 at 3) However, LSR 1-1 addresses a plaintiff's initial filing fee, not the admission fee imposed pursuant to LR IA 11-2(b) in connection with an attorney's request to appear in a particular case.

member in good standing with the State Bar of Nevada as attorney of record. (ECF No. 73 at 2-3.)

LR IA 11-2 establishes requirements for an attorney who is not a member of the bar of this court to appear in a particular case by submitting "a verified petition only if the [enumerated] requirements are met[]." LR IA 11-2(a). LR IA 11-2(h) provides that the court may grant or deny a petition to practice. The requirements that Kaplan asks the Court to waive serve important goals, including preventing abuse by those who may attempt to circumvent the State Bar of Nevada's licensing requirements and ensuring that competent counsel appear before the Court who are familiar with the Court's local rules and practices through affiliation with local counsel. For these reasons, Kaplan's request that the Court waive these requirements is denied. Kaplan may continue to represent himself, but he will not be permitted to appear in this case on behalf of Defendants or Relief Defendants without complying with LR IA 11-2.

Defendant's alternative request that the Court dismiss Defendants and Relief Defendants is also denied. Defendant cites to no authority to support his request. The Court is not aware of any authority that would support dismissal of a defendant, whether corporate or individual, because of that party's claimed financial hardship to retain counsel.

It is therefore ordered that Defendant's motion to represent Defendants and Relief Defendants (ECF No. 73) is denied. Defendants and Relief Defendants who are corporations or limited liability companies cannot appear pro se. *See Licht v. Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). They must therefore appear through retained counsel by July 19, 2017. Failure to do so will result in default judgment being entered against these Defendants and Relief Defendants.

DATED THIS 24th day of May 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE