# EXHIBIT A

Alyssa A. Qualls (IL Bar No. 6292124)
Email: quallsa@sec.gov
Amy S. Cotter (IL Bar No. 6238157)
Email: cottera@sec.gov
Raven A. Winters (IL Bar No. 6291077)
Email: wintersr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Robert J. Burson, Associate Regional Director
Amy S. Cotter, Assistant Regional Director
Alyssa A. Qualls, Regional Trial Counsel
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**Northern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC.,<br><br>Defendants,<br><br>and<br><br>LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC,<br><br>Relief Defendants. | Case No. 3:13-cv-00270-MMD-VPC<br><br>Honorable Miranda Du<br><br>**FINAL JUDGMENT AS TO DEFENDANTS DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., AND MANNA INTERNATIONAL ENTERPRISES, INC.** |

The Securities and Exchange Commission having filed a Complaint, Defendants David B. Kaplan, Esq., Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions International, Ltd., and Manna International Enterprises, Inc. (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kaplan is permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)], by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being associated with a broker or dealer that is registered in accordance with Section 15(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with

Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable for disgorgement of $7,139,884.87, representing funds received as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $680,157.61, and a civil penalty in the amount of $300,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants shall partially satisfy this obligation through the transfer of balances held in the frozen accounts after entry of this Final Judgment, as set forth in paragraphs V to IX below. Any amounts paid toward disgorgement by Relief Defendants in this matter shall be credited against the disgorgement amount ordered herein.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty,

Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Bank of America, N.A. ("Bank of America") shall transfer the entire balance of the following Bank of America accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Synchronized Organizational Solutions, LLC | #XXX-4100 |
| Kaplan, David B. | #XXX-9027 |
| Kaplan, David B. | #XXX-9030 |

Bank of America may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Bank of America also may transfer these funds by

1  certified check, bank cashier's check, or United States postal money order payable to the Securities

2  and Exchange Commission, which shall be delivered or mailed to

3        Enterprise Services Center
      Accounts Receivable Branch
4        6500 South MacArthur Boulevard
      Oklahoma City, OK 73169
5

6  and shall be accompanied by a letter identifying the case title, civil action number, and name of this

7  Court; and specifying that payment is made pursuant to this Final Judgment.

8                      VI.

9      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being

10  served with a copy of this Final Judgment, Citibank, N.A. ("Citibank") shall transfer the entire

11  balance of the following Citibank account which was frozen pursuant to an Order of this Court to

12  the Commission:

13

| Account Owner | Acct. Ending in: |
|---|---|
| Manna International Enterprises Inc. | #XXX-7740 |

14

15      Citibank may transmit payment electronically to the Commission, which will provide

16  detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from

17  a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

18  Citibank also may transfer these funds by certified check, bank cashier's check, or United States

19  postal money order payable to the Securities and Exchange Commission, which shall be delivered

20  or mailed to

21        Enterprise Services Center
      Accounts Receivable Branch
22        6500 South MacArthur Boulevard
      Oklahoma City, OK 73169
23

24  and shall be accompanied by a letter identifying the case title, civil action number, and name of this

25  Court; and specifying that payment is made pursuant to this Final Judgment.

26                      VII.

27      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being

28  served with a copy of this Final Judgment, Merrill Edge Bank of America ("Merrill Edge") shall

transfer the entire balance of the following Merrill Edge account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. | #XXX-4R29 |

Merrill Edge may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Merrill Edge also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, TD Ameritrade ("TD Ameritrade") shall transfer the entire balance of the following TD Ameritrade account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. | #XXX-8969 |

TD Ameritrade may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. TD Ameritrade also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

1  Enterprise Services Center
2  Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169
3

4 and shall be accompanied by a letter identifying the case title, civil action number, and name of this

5 Court; and specifying that payment is made pursuant to this Final Judgment.

6                                            IX.

7       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being

8 served with a copy of this Final Judgment, Wells Fargo Bank, N.A. ("Wells Fargo") shall transfer

9 the entire balance of the following Wells Fargo accounts which were frozen pursuant to an Order of

10 this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Manna International Enterprises Inc. | #XXX-4725 |
| Kaplan, David B. | #XXX-7815 |
| Manna International Enterprises Inc. | #XXX-9129 |
| Kaplan, David B. | #XXX-9813 |

15      Wells Fargo may transmit payment electronically to the Commission, which will provide

16 detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from

17 a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

18 Wells Fargo also may transfer these funds by certified check, bank cashier's check, or United States

19 postal money order payable to the Securities and Exchange Commission, which shall be delivered

20 or mailed to

21  Enterprise Services Center
    Accounts Receivable Branch
22  6500 South MacArthur Boulevard
    Oklahoma City, OK 73169
23

24 and shall be accompanied by a letter identifying the case title, civil action number, and name of this

25 Court; and specifying that payment is made pursuant to this Final Judgment.

26                                            X.

27      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated

28 herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with

all of the undertakings and agreements set forth therein.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant Kaplan, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Kaplan under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Kaplan of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2017

_____
The Honorable Miranda Du
United States District Judge