# EXHIBIT B

1 | Alyssa A. Qualls (IL Bar No. 6292124)
Email: quallsa@sec.gov
2 | Amy S. Cotter (IL Bar No. 6238157)
Email: cottera@sec.gov
3 | Raven A. Winters (IL Bar No. 6291077)
Email: wintersr@sec.gov
4 |
Attorneys for Plaintiff
5 | Securities and Exchange Commission
Robert J. Burson, Associate Regional Director
6 | Amy S. Cotter, Assistant Regional Director
Alyssa A. Qualls, Regional Trial Counsel
7 | 175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
8 | Telephone: (312) 353-7390
Facsimile: (312) 353-7398
9 |

10 | **UNITED STATES DISTRICT COURT**

11 | **DISTRICT OF NEVADA**

12 | **Northern Division**

13 | SECURITIES AND EXCHANGE
COMMISSION,                                        Case No. 3:16-cv-00270-MMD-VPC
14 |
Honorable Miranda Du
15 |      Plaintiff,
**CONSENT OF DEFENDANTS**
16 |     vs.                                **DAVID B. KAPLAN, ESQ.,**
**SYNCHRONIZED ORGANIZATIONAL**
17 | DAVID B. KAPLAN, ESQ.,                    **SOLUTIONS, LLC, SYNCHRONIZED**
SYNCHRONIZED ORGANIZATIONAL    **ORGANIZATIONAL SOLUTIONS**
18 | SOLUTIONS, LLC,                             **INTERNATIONAL, LTD., AND MANNA**
SYNCHRONIZED ORGANIZATIONAL    **INTERNATIONAL ENTERPRISES, INC.**
19 | SOLUTIONS INTERNATIONAL, LTD.,     **TO ENTRY OF JUDGMENT**
and MANNA INTERNATIONAL
20 | ENTERPRISES, INC.,

21 |     Defendants,

22 |     and

23 | LISA M. KAPLAN,
THE WATER-WALKING
24 | FOUNDATION, INC., and
MANNA INVESTMENTS, LLC,
25 |
    Relief Defendants.
26 |

27 |

28 |
Case No. 3:16-cv-00270-MMD-VPC

1      1.      Defendants David B. Kaplan, Esq., Synchronized Organizational Solutions, LLC,

2  Synchronized Organizational Solutions International, Ltd., and Manna International Enterprises,

3  Inc. (collectively, "Defendants") acknowledge having been served with the Complaint in this action,

4  enter a general appearance, and admit the Court's jurisdiction over Defendants, and over the subject

5  matter of this action.

6      2.      Without admitting or denying the allegations of the complaint (except as provided

7  herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendants

8  admit), Defendants hereby consent to the entry of the Final Judgment in the form attached hereto

9  (the "Final Judgment") and incorporated by reference herein, and agrees:

10           (a)    to be permanently restrained and enjoined from violating Section 17(a) of the

11                  Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] (as to all

12                  Defendants), Section 10(b) of the Securities Exchange Act of 1934

13                  ("Exchange Act") [15 U.S.C. § 78j(b)], Rule 10b-5 [17 C.F.R. §§ 240.10b-5]

14                  thereunder (as to all Defendants), and Section 15(a)(1) of the Exchange Act

15                  [5 U.S.C. § 78o(a)(1)] (as to Defendant Kaplan only) ;

16           (b)    to jointly and severally pay disgorgement in the amount of $7,139,884.87,

17                  plus prejudgment interest thereon in the amount of $680,157.61;

18           (c)    to jointly and severally pay a civil penalty in the amount of $300,000, under

19                  Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act;

20           (d)    to the entry of a Final Judgment that orders that within 3 days after being

21                  served with a copy of the Final Judgment, Bank of America, N.A. ("Bank of

22                  America") shall transfer the entire balance of the following Bank of America

23                  accounts which were frozen pursuant to an Order of this Court to the

24                  Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Synchronized Organizational Solutions, LLC | #XXX-4100 |
| Kaplan, David B. | #XXX-9027 |
| Kaplan, David B. | #XXX-9030 |

28                  Bank of America may transmit payment electronically to the Commission,

which will provide detailed ACH transfer/Fedwire instructions upon request.

Payment may also be made directly from a bank account via Pay.gov through

the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Bank of

America also may transfer these funds by certified check, bank cashier's

check, or United States postal money order payable to the Securities and

Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action

number, and name of this Court; and specifying that payment is made

pursuant to this Final Judgment;

(e)  to the entry of a Final Judgment that orders that within 3 days after being

served with a copy of the Final Judgment, Citibank, N.A. ("Citibank") shall

transfer the entire balance of the following Citibank account which was

frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Manna International Enterprises Inc. | #XXX-7740 |

Citibank may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.  Payment

may also be made directly from a bank account via Pay.gov through the SEC

website at http://www.sec.gov/about/offices/ofm.htm.  Citibank also may

transfer these funds by certified check, bank cashier's check, or United States

postal money order payable to the Securities and Exchange Commission,

which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment;

(f)     to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, Merrill Edge Bank of America ("Merrill Edge") shall transfer the entire balance of the following Merrill Edge account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. | #XXX-4R29 |

Merrill Edge may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Merrill Edge also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment;

(g)     to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, TD Ameritrade, Inc. ("TD Ameritrade") shall transfer the entire balance of the following TD Ameritrade account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. | #XXX-8969 |

TD Ameritrade may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  TD Ameritrade also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment; and

(h)    to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, Wells Fargo Bank, N.A. ("Wells Fargo") shall transfer the entire balance of the following Wells Fargo accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Manna International Enterprises Inc. | #XXX-4725 |
| Kaplan, David B. | #XXX-7815 |
| Manna International Enterprises Inc. | #XXX-9129 |
| Kaplan, David B. | #XXX-9813 |

Wells Fargo may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Wells Fargo

1    also may transfer these funds by certified check, bank cashier's check, or

2    United States postal money order payable to the Securities and Exchange

3    Commission, which shall be delivered or mailed to

4              Enterprise Services Center
             Accounts Receivable Branch
5              6500 South MacArthur Boulevard
             Oklahoma City, OK 73169
6

7    and shall be accompanied by a letter identifying the case title, civil action

8    number, and name of this Court; and specifying that payment is made

9    pursuant to this Final Judgment.

10        3.        Defendants acknowledge that the civil penalty paid pursuant to the Final Judgment

11   may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley

12   Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the civil penalty shall

13   be treated as a penalty paid to the government for all purposes, including all tax purposes.  To

14   preserve the deterrent effect of the civil penalty, Defendants agree that they shall not, after offset or

15   reduction of any award of compensatory damages in any Related Investor Action based on

16   Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they

17   further benefit by, offset or reduction of such compensatory damages award by the amount of any

18   part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any

19   Related Investor Action grants such a Penalty Offset, Defendants agree that they shall, within 30

20   days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this

21   action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as

22   the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall

23   not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of

24   this paragraph, a "Related Investor Action" means a private damages action brought against

25   Defendants by or on behalf of one or more investors based on substantially the same facts as alleged

26   in the Complaint in this action.

27        4.        Defendants agree that they shall not seek or accept, directly or indirectly,

28   reimbursement or indemnification from any source, including but not limited to payment made

1 │ pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

2 │ pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are

3 │ added to a distribution fund or otherwise used for the benefit of investors.  Defendants further agree

4 │ that they shall not claim, assert, apply for a tax deduction or tax credit with regard to any federal,

5 │ state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment,

6 │ regardless of whether such penalty amounts or any part thereof are added to a distribution fund or

7 │ otherwise used for the benefit of investors.

8 │ 　　　　5.　　　Defendants waive the entry of findings of fact and conclusions of law pursuant to

9 │ Rule 52 of the Federal Rules of Civil Procedure.

10 │ 　　　　6.　　　Defendants waive the right, if any, to a jury trial and to appeal from the entry of the

11 │ Final Judgment.

12 │ 　　　　7.　　　Defendants enter into this Consent voluntarily and represent that no threats, offers,

13 │ promises, or inducements of any kind have been made by the Commission or any member, officer,

14 │ employee, agent, or representative of the Commission to induce Defendants to enter into this

15 │ Consent.

16 │ 　　　　8.　　　Defendants agree that this Consent shall be incorporated into the Final Judgment

17 │ with the same force and effect as if fully set forth therein.

18 │ 　　　　9.　　　Defendants will not oppose the enforcement of the Final Judgment on the ground, if

19 │ any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

20 │ hereby waives any objection based thereon.

21 │ 　　　　10.　　　Defendants waive service of the Final Judgment and agree that entry of the Final

22 │ Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of

23 │ its terms and conditions.  Defendants further agree to provide counsel for the Commission, within

24 │ thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or

25 │ declaration stating that Defendants have received and read a copy of the Final Judgment.

26 │ 　　　　11.　　　Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted

27 │ against Defendants in this civil proceeding.  Defendants acknowledge that no promise or

28 │ representation has been made by the Commission or any member, officer, employee, agent, or

1   representative of the Commission with regard to any criminal liability that may have arisen or may

2   arise from the facts underlying this action or immunity from any such criminal liability.  Defendants

3   waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the

4   imposition of any remedy or civil penalty herein.  Defendants further acknowledge that the Court's

5   entry of a permanent injunction may have collateral consequences under federal or state law and the

6   rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

7   organizations.  Such collateral consequences include, but are not limited to, a statutory

8   disqualification with respect to membership or participation in, or association with a member of, a

9   self-regulatory organization.  This statutory disqualification has consequences that are separate from

10   any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding

11   before the Commission based on the entry of the injunction in this action, Defendants understand

12   that they shall not be permitted to contest the factual allegations of the complaint in this action.

13          12.       Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e),

14   which provides in part that it is the Commission's policy "not to permit a defendant or respondent to

15   consent to a judgment or order that imposes a sanction while denying the allegations in the

16   complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial,

17   unless the defendant or respondent states that he neither admits nor denies the allegations."  As part

18   of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants:  (i) will not

19   take any action or make or permit to be made any public statement denying, directly or indirectly,

20   any allegation in the complaint or creating the impression that the complaint is without factual

21   basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do

22   not admit the allegations of the complaint, or that this Consent contains no admission of the

23   allegations, without also stating that Defendants do not deny the allegations; (iii) upon the filing of

24   this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny

25   any allegation in the complaint; and (iv) (as to Defendant Kaplan only) stipulate solely for purposes

26   of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that

27   the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment

28   interest, civil penalty or other amounts due by Defendant Kaplan under the Final Judgment or any

1  other judgment, order, consent order, decree or settlement agreement entered in connection with this

2  proceeding, is a debt for the violation by Defendant Kaplan of the federal securities laws or any

3  regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy

4  Code, 11 U.S.C. § 523(a)(19).  If Defendants breach this agreement, the Commission may petition

5  the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this

6  paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual

7  positions in litigation or other legal proceedings in which the Commission is not a party.

8       13.     Defendants hereby waive any rights under the Equal Access to Justice Act, the Small

9  Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

10  the United States, or any agency, or any official of the United States acting in his or her official

11  capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

12  expended by Defendants to defend against this action.  For these purposes, Defendants agree that

13  Defendants are not the prevailing party in this action since the parties have reached a good faith

14  settlement.

15       14.     Defendants agree that the Commission may present the Final Judgment to the Court

16  for signature and entry without further notice.

17       15.     Defendants agree that this Court shall retain jurisdiction over this matter for the

18  purpose of enforcing the terms of the Final Judgment.

19

20  Dated: 12-12-17                    By: _____

21                                       David B. Kaplan, Esq.
                                         1314-B Cave Rock Drive
22                                       Glenbrook, NV 89413
                                         Telephone:  509-263-4625
23

24       On ___Dec. 12___, 2017, David B. Kaplan, Esq., a person known to me,

25  personally appeared before me and acknowledged executing the foregoing Consent.

26

27  
    THERESA LARSEN
    NOTARY PUBLIC          _____
    STATE OF NEVADA        Notary Public
28  My Commission Expires: 02-07-2021    Commission expires: 2/7/21
    Certificate No: 11-5618-5

9                          Case No. 3:16-cv-00270-MMD-VPC

1   SYNCHRONIZED ORGANIZATIONAL
    SOLUTIONS, LLC
2
3   By: _____
    David B. Kaplan, Esq.
4   Managing Member
    1314-B Cave Rock Drive
5   Glenbrook, NV 89413
    Telephone:  509-263-4625
6

7       On _____Dec. 12_____, 2017, David B. Kaplan, Esq., a person known to me,
8   personally appeared before me and acknowledged executing the foregoing Consent with full
    authority to do so on behalf of Synchronized Organizational Solutions, LLC as its Managing
9   Member.

10
        THERESA LARSEN
11      NOTARY PUBLIC             _____
        STATE OF NEVADA          Notary Public
12   My Commission Expires: 02-07-2021   Commission expires: 2/7/21
        Certificate No: 11-5618-5
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            10              Case No. 3:16-cv-00270-MMD-VPC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SYNCHRONIZED ORGANIZATIONAL
SOLUTIONS INTERNATIONAL, LTD.

By: _____

David B. Kaplan, Esq.
Director
1314-B Cave Rock Drive
Glenbrook, NV 89413
Telephone:  509-263-4625

On ___Dec. 12_____, 2017, David B. Kaplan, Esq., a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Synchronized Organizational Solutions International, Ltd. as its Director.

_____
Notary Public
Commission expires: 2/7/21

THERESA LARSEN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-07-2021
Certificate No: 11-5618-5

MANNA INTERNATIONAL ENTERPRISES, INC.

By: _David B. Kaplan_

David B. Kaplan, Esq.
Managing Member
1314-B Cave Rock Drive
Glenbrook, NV 89413
Telephone:  509-263-4625

On _____Dec. 12_____, 2017, David B. Kaplan, Esq., a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Manna International Enterprises, Inc. as its Managing Member.



THERESA LARSEN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-07-2021
Certificate No: 11-5618-5

_Theresa Larsen_
Notary Public
Commission expires: 2/7/21

12                    Case No. 3:16-cv-00270-MMD-VPC