Alyssa A. Qualls (IL Bar No. 6292124)
Email: quallsa@sec.gov
Amy S. Cotter (IL Bar No. 6238157)
Email: cottera@sec.gov
Raven A. Winters (IL Bar No. 6291077)
Email: wintersr@sec.gov

Attorneys for Plaintiff
Robert J. Burson, Associate Regional Director
Amy S. Cotter, Assistant Regional Director
Alyssa A. Qualls, Regional Trial Counsel
Securities and Exchange Commission
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**Northern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:16-cv-00270-MMD-VPC |
| Plaintiff, | **Honorable Miranda Du** |
| vs. | |
| DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC., | **STIPULATION FOR ENTRY OF FINAL JUDGMENT AGAINST RELIEF DEFENDANT LISA M. KAPLAN** |
| Defendants, | |
| and | |
| LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC, | |
| Relief Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, as follows:

1. The United States Securities and Exchange Commission (the "Commission") and Relief Defendant Lisa M. Kaplan ("Relief Defendant," and together with the Commission, the "Parties") jointly move this Court to enter final judgment against Relief Defendant. The Parties have reached a settlement, and jointly move this Court to enter the proposed final judgment and resolve this matter.

2. The Parties have reached a settlement to resolve all claims against Relief Defendant. The settlement includes: (1) disgorgement; and (2) prejudgment interest.

3. A proposed final judgment as to Relief Defendant is attached as Exhibit A. Among other things, the proposed final judgment orders Relief Defendant to pay disgorgement in the amount of $340,764.75, plus prejudgment interest thereon in the amount of $26,762.65.

4. Relief Defendant shall partially satisfy this obligation through the transfer of balances held in the frozen accounts after entry of this Final Judgment, as set forth in sections II to V of Exhibit A.

5. Without either admitting or denying the allegations of the complaint in this action, Relief Defendant has consented to the entry of the proposed final judgment, as reflected in the Consent attached as Exhibit B.

6. The settlement brings the litigation to a close, without the need for a trial, and thus conserves the resources of the Court and the Parties.

7. The Parties agree that entry of the proposed final judgment is in the public interest, and is a fair and reasonable resolution of this matter. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014).

8. The Parties respectfully request the entry of final judgment at the Court's earliest convenience.

WHEREFORE, for the foregoing reasons, the parties jointly move this Court for entry of final judgment against Relief Defendant.

Date: January 8, 2018

/s/ Alyssa A. Qualls
Alyssa A. Qualls (IL Bar No. 6292124)
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398
Email: quallsa@sec.gov

Counsel for Plaintiff United States Securities and Exchange Commission

/s/ Lisa M. Kaplan
Lisa M. Kaplan
1314-B Cave Rock Drive
Glenbrook, NV 89413
Telephone: (509) 263-4625

IT IS SO ORDERED:

The Honorable Miranda Du
United States District Judge

Dated: January 8, 2018

# EXHIBIT A

Alyssa A. Qualls (IL Bar No. 6292124)
Email: quallsa@sec.gov
Amy S. Cotter (IL Bar No. 6238157)
Email: cottera@sec.gov
Raven A. Winters (IL Bar No. 6291077)
Email: wintersr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Robert J. Burson, Associate Regional Director
Amy S. Cotter, Assistant Regional Director
Alyssa A. Qualls, Regional Trial Counsel
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**Northern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC.,<br><br>Defendants,<br><br>and<br><br>LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC,<br><br>Relief Defendants. | Case No. 3:13-cv-00270-MMD-VPC<br><br>Honorable Miranda Du<br><br>**FINAL JUDGMENT AS TO RELIEF DEFENDANT LISA M. KAPLAN** |

The Securities and Exchange Commission having filed a Complaint, Relief Defendant Lisa M. Kaplan ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $340,764.75, representing funds received as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $26,762.65.  Relief Defendant shall partially satisfy this obligation through the transfer of balances held in the frozen accounts after entry of this Final Judgment, as set forth in paragraphs II to V below.  Any amounts paid toward disgorgement by Relief Defendant shall be credited against the amount Defendants have been ordered to disgorge.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being

served with a copy of this Final Judgment, TD Ameritrade ("TD Ameritrade") shall transfer the entire balance of the following TD Ameritrade account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, Lisa M. | #XXX-2764 |

TD Ameritrade may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. TD Ameritrade also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Wells Fargo Bank, N.A. ("Wells Fargo") shall transfer the entire balance of the following Wells Fargo accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, Lisa & David B. | #XXX-2016 |
| Kaplan, Lisa & David B. | #XXX-9299 |

Wells Fargo may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wells

Fargo also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Spokane Teachers Credit Union ("STCU") shall transfer the entire balance of the following STCU account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. and Lisa M. Cassie Kaplan House Savings | #XXX-4124 |
| Kaplan, David B. and Lisa M. | #XXX-2526 |

STCU may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. STCU also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, JPMorgan Chase Bank, N.A. ("JPMC") shall transfer the

1  entire balance of the following JPMC account which was frozen pursuant to an Order of this Court to the
2  Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, Lisa M. | #XXX-1795 |

5  JPMC may transmit payment electronically to the Commission, which will provide detailed
6  ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank
7  account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  JPMC also
8  may transfer these funds by certified check, bank cashier's check, or United States postal money order
9  payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

13  and shall be accompanied by a letter identifying the case title, civil action number, and name of this
14  Court; and specifying that payment is made pursuant to this Final Judgment.

VI.

16  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated
17  herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with
18  all of the undertakings and agreements set forth therein.

VII.

20  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of
21  exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the
22  allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for
23  disgorgement, prejudgment interest, or other amounts due by Relief Defendant under this Final
24  Judgment or any other judgment, order, consent order, decree or settlement agreement entered in
25  connection with this proceeding, is a debt for the violation of the federal securities laws or any
26  regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11
27  U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2017

_____
The Honorable Miranda Du
United States District Judge

# EXHIBIT B

Alyssa A. Qualls (IL Bar No. 6292124)
Email: quallsa@sec.gov
Amy S. Cotter (IL Bar No. 6238157)
Email: cottera@sec.gov
Raven A. Winters (IL Bar No. 6291077)
Email: wintersr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Robert J. Burson, Associate Regional Director
Amy S. Cotter, Assistant Regional Director
Alyssa A. Qualls, Regional Trial Counsel
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### Northern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC.,<br><br>　　　Defendants,<br><br>　　and<br><br>LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC,<br><br>　　　Relief Defendants. | Case No. 3:16-cv-00270-MMD-VPC<br><br>Honorable Miranda Du<br><br>**CONSENT OF RELIEF DEFENDANT LISA M. KAPLAN** |

Case No. 3:16-cv-00270-MMD-VPC

1. Relief Defendant Lisa M. Kaplan ("Relief Defendant")[1] acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant, and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 10 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, and agrees:

    (a) to pay disgorgement in the amount of $340,764.75, plus prejudgment interest thereon in the amount of $26,762.65;

    (b) to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, TD Ameritrade, Inc. ("TD Ameritrade") shall transfer the entire balance of the following TD Ameritrade account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, Lisa M. | #XXX-2764 |

TD Ameritrade may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. TD Ameritrade also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

---

[1] A relief defendant is a nominal defendant alleged to have received ill-gotten gains from the conduct of others to which it has no legitimate claim, but that is not alleged to have itself committed violations of the federal securities laws.

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment;

(c) to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, Wells Fargo Bank, N.A. ("Wells Fargo") shall transfer the entire balance of the following Wells Fargo accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, Lisa & David B. | #XXX-2016 |
| Kaplan, Lisa & David B. | #XXX-9299 |

Wells Fargo may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wells Fargo also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment;

(d) to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, Spokane Teachers Credit Union ("STCU") shall transfer the entire balance of the following STCU accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. and Lisa M. Cassie Kaplan House Savings | #XXX-4124 |
| Kaplan, David B. and Lisa M. | #XXX-2526 |

STCU may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. STCU also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment; and

(e) to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, JPMorgan Chase Bank, N.A. ("JPMC") shall transfer the entire balance of the following JPMC account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, Lisa M. | #XXX-1795 |

JPMC may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. JPMC also may transfer these funds by certified check, bank cashier's check, or United States

postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

3. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Relief Defendant enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6. Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

10. Relief Defendant understands and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, or other amounts due by Relief Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief

1  Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/12/17

By: *Lisa M. Kaplan*
Lisa M. Kaplan
1314-B Cave Rock Drive
Glenbrook, NV 89413
Telephone: 509-263-4625

On Dec. 12, 2017, Lisa M. Kaplan, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

THERESA LARSEN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-07-2021
Certificate No: 11-5618-5

*Theresa Larsen*
Notary Public
Commission expires: 2/7/21

7                                             Case No. 3:16-cv-00270-MMD-VPC