1    Alyssa A. Qualls (IL Bar No. 6292124)
     Email:  quallsa@sec.gov
2    Amy S. Cotter (IL Bar No. 6238157)
     Email:  cottera@sec.gov
3    Raven A. Winters (IL Bar No. 6291077)
     Email:  wintersr@sec.gov
4
     Attorneys for Plaintiff
5    Securities and Exchange Commission
     Robert J. Burson, Associate Regional Director
6    Amy S. Cotter, Assistant Regional Director
     Alyssa A. Qualls, Regional Trial Counsel
7    175 West Jackson Blvd., Suite 900
     Chicago, Illinois 60604
8    Telephone: (312) 353-7390
     Facsimile: (312) 353-7398

9

10                          UNITED STATES DISTRICT COURT

11                              DISTRICT OF NEVADA

12                                Northern Division

13   SECURITIES AND EXCHANGE              Case No. 3:16-cv-00270-MMD-VPC
     COMMISSION,
14                                        Honorable Miranda Du
            Plaintiff,
15                                        **FINAL JUDGMENT AS TO
            vs.                           RELIEF  DEFENDANT MANNA
16                                        INVESTMENTS, LLC**
     DAVID B. KAPLAN, ESQ.,
17   SYNCHRONIZED ORGANIZATIONAL
     SOLUTIONS, LLC,
18   SYNCHRONIZED ORGANIZATIONAL
     SOLUTIONS INTERNATIONAL, LTD.,
19   and MANNA INTERNATIONAL
     ENTERPRISES, INC.,
20
            Defendants,
21
            and
22
     LISA M. KAPLAN,
23   THE WATER-WALKING
     FOUNDATION, INC., and
24   MANNA INVESTMENTS, LLC,
25          Relief Defendants.

26

27

28

1    The Securities and Exchange Commission having filed a Complaint, Relief Defendant

2    Manna Investments, LLC ("Relief Defendant") having entered a general appearance; consented to

3    the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to

4    entry of this Final Judgment without admitting or denying the allegations of the Complaint (except

5    as to jurisdiction and except as otherwise provided herein in paragraph II); waived findings of fact

6    and conclusions of law; and waived any right to appeal from this Final Judgment:

7                                                                I.

8    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief

9    Defendant is liable for disgorgement of $483,417.52, representing funds received as a result of the

10   conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

11   $38,119.61.  Any amounts paid toward disgorgement by Relief Defendant shall be credited against

12   the amount Defendants have been ordered to disgorge.

13   The Commission may enforce the Court's judgment for disgorgement and prejudgment

14   interest by moving for civil contempt (and/or through other collection procedures authorized by

15   law) at any time after 14 days following entry of this Final Judgment.  Relief Defendant shall pay

16   post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission

17   shall hold the funds, together with any interest and income earned thereon (collectively, the

18

19   "Fund"), pending further order of the Court.

20   The Commission may propose a plan to distribute the Fund subject to the Court's approval.

21   Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of

22   Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the

23   administration of any distribution of the Fund.  If the Commission staff determines that the Fund

24   will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to

25   the United States Treasury.

26

27                                                               II.

28   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated

1   herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply

2   with all of the undertakings and agreements set forth therein.

3                                                             III.

4         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

5   jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

6   Dated:   _____January 8, 2018_____, ~~2017~~

7

8                                          _____
                                           The Honorable Miranda Du
9                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Alyssa A. Qualls (IL Bar No. 6292124)
Email: quallsa@sec.gov
Amy S. Cotter (IL Bar No. 6238157)
Email: cottera@sec.gov
Raven A. Winters (IL Bar No. 6291077)
Email: wintersr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
David Glockner, Regional Director
Robert J. Burson, Associate Regional Director
Amy S. Cotter, Assistant Regional Director
Alyssa A. Qualls, Regional Trial Counsel
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

**Northern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC., <br><br> Defendants, <br><br> and <br><br> LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC, <br><br> Relief Defendants. | Case No. 3:16-cv-00270-MMD-VPC <br><br> Honorable Miranda Du <br><br> **CONSENT OF RELIEF DEFENDANT MANNA INVESTMENTS, LLC** |

1.      Relief Defendant Manna Investments, LLC ("Relief Defendant")[1] acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant, and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 10 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, and agrees to pay disgorgement in the amount of $483,417.52, plus prejudgment interest thereon in the amount of $38,119.61.

3.      Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Relief Defendant enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6.      Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the

---

[1] A relief defendant is a nominal defendant alleged to have received ill-gotten gains from the conduct of others to which it has no legitimate claim, but that is not alleged to have itself committed violations of the federal securities laws.

1   Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an

2   affidavit or declaration stating that Relief Defendant has received and read a copy of the Final

3   Judgment.

4        9.        Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted

5   against Relief Defendant in this civil proceeding.  Relief Defendant acknowledges that no promise

6   or representation has been made by the Commission or any member, officer, employee, agent, or

7   representative of the Commission with regard to any criminal liability that may have arisen or may

8   arise from the facts underlying this action or immunity from any such criminal liability.  Relief

9   Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

10  including the imposition of any remedy or civil penalty herein.

11       10.       Relief Defendant understands and agree to comply with the terms of 17 C.F.R.

12  § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

13  respondent to consent to a judgment or order that imposes a sanction while denying the allegations

14  in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a

15  denial, unless the defendant or respondent states that he neither admits nor denies the allegations."

16  As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief

17  Defendant:  (i) will not take any action or make or permit to be made any public statement denying,

18  directly or indirectly, any allegation in the complaint or creating the impression that the complaint is

19  without factual basis; (ii) will not make or permit to be made any public statement to the effect that

20  Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no

21  admission of the allegations, without also stating that Relief Defendant does not deny the

22  allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers

23  filed in this action to the extent that they deny any allegation in the complaint.  If Relief Defendant

24  breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and

25  restore this action to its active docket.  Nothing in this paragraph affects Relief Defendant's:  (i)

26  testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal

27  proceedings in which the Commission is not a party.

28

1        11.    Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the

2    Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek

3    from the United States, or any agency, or any official of the United States acting in his or her

4    official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or

5    costs expended by Relief Defendant to defend against this action.  For these purposes, Relief

6    Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties

7    have reached a good faith settlement.

8        12.    Relief Defendant agrees that the Commission may present the Final Judgment to the

9    Court for signature and entry without further notice.

10       13.    Relief Defendant agrees that this Court shall retain jurisdiction over this matter for

11   the purpose of enforcing the terms of the Final Judgment.

12                                  **MANNA INVESTMENTS, LLC**

13                                  By: *(signature)*

14                                  David B. Kaplan, Esq.
                                 Managing Member

15                                  1314-B Cave Rock Drive
                                 Glenbrook, NV 89413

16                                  Telephone:  509-263-4625

17       On _____Sept 27_____, 2017, David B. Kaplan, Esq., a person known to me,

18   personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of Manna International Enterprises, Inc. as its Managing Member.

19

20                             *(signature)*
                          Notary Public

21                             Commission expires: 05/12/2020

22

23                                      

24                            SARAH K. DAVIS
NOTARY PUBLIC
STATE OF NEVADA
My Comm. Expires: 05-12-2020
Certificate No: 16-2575-5

25

26

27

28

                                       4                                    Case No. 3:16-cv-00270-MMD-VPC