Alyssa A. Qualls (IL Bar No. 6292124)
Email: quallsa@sec.gov
Amy S. Cotter (IL Bar No. 6238157)
Email: cottera@sec.gov
Raven A. Winters (IL Bar No. 6291077)
Email: wintersr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Robert J. Burson, Associate Regional Director
Amy S. Cotter, Assistant Regional Director
Alyssa A. Qualls, Regional Trial Counsel
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**Northern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC.,<br><br>　　　　　Defendants,<br><br>　　and<br><br>LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC,<br><br>　　　　　Relief Defendants. | Case No. 3:16-cv-00270-MMD-VPC<br><br>Honorable Miranda Du<br><br>**FINAL JUDGMENT AS TO RELIEF DEFENDANT THE WATER-WALKING FOUNDATION, INC.** |

Case No. 3:16-cv-00270-MMD-VPC

1  The Securities and Exchange Commission having filed a Complaint, Relief Defendant The
2  Water-Walking Foundation, Inc. ("Relief Defendant") having entered a general appearance;
3  consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action;
4  consented to entry of this Final Judgment without admitting or denying the allegations of the
5  Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III);
6  waived findings of fact and conclusions of law; and waived any right to appeal from this Final
7  Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $599,012.34, representing funds received as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $45,363.74.  Relief Defendant shall partially satisfy this obligation through the transfer of a balance held in the frozen account after entry of this Final Judgment, as set forth in paragraph II below. Any amounts paid toward disgorgement by Relief Defendant shall be credited against the amount Defendants have been ordered to disgorge.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Wells Fargo Bank, N.A. ("Wells Fargo") shall transfer the entire balance of the following Wells Fargo accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| The Water-Walking Foundation, Inc. | #XXX-5045 |

Wells Fargo may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wells Fargo also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  January 8, 2018 , ~~2017~~

_____
The Honorable Miranda Du
United States District Judge

# EXHIBIT B

```
1  Alyssa A. Qualls (IL Bar No. 6292124)
   Email: quallsa@sec.gov
2  Amy S. Cotter (IL Bar No. 6238157)
   Email: cottera@sec.gov
3  Raven A. Winters (IL Bar No. 6291077)
   Email: wintersr@sec.gov
4
   Attorneys for Plaintiff
5  Securities and Exchange Commission
   David Glockner, Regional Director
6  Robert J. Burson, Associate Regional Director
   Amy S. Cotter, Assistant Regional Director
7  Alyssa A. Qualls, Regional Trial Counsel
   175 West Jackson Blvd., Suite 900
8  Chicago, Illinois 60604
   Telephone: (312) 353-7390
9  Facsimile: (312) 353-7398
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### Northern Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:16-cv-00270-MMD-VPC |
| Plaintiff, | Honorable Miranda Du |
| vs. | **CONSENT OF RELIEF DEFENDANT THE WATER-WALKING FOUNDATION, INC.** |
| DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC., | |
| Defendants, | |
| and | |
| LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC, | |
| Relief Defendants. | |

Case No. 3:16-cv-00270-MMD-VPC

1. Relief Defendant The Water-Walking Foundation, Inc. ("Relief Defendant")[1] acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant, and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 10 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, and agrees:

   (a) to pay disgorgement in the amount of $599,012.34, plus prejudgment interest thereon in the amount of $45,363.74; and

   (b) to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, Wells Fargo Bank, N.A. ("Wells Fargo") shall transfer the entire balance of the following Wells Fargo accounts which were frozen pursuant to an Order of this Court to the Commission:

   | Account Owner | Acct. Ending in: |
   |---|---|
   | The Water-Walking Foundation, Inc. | #XXX-5045 |

   Wells Fargo may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wells Fargo also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

---

[1] A relief defendant is a nominal defendant alleged to have received ill-gotten gains from the conduct of others to which it has no legitimate claim, but that is not alleged to have itself committed violations of the federal securities laws.

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

3. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Relief Defendant enters into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6. Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

10. Relief Defendant understands and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

THE WATER-WALKING FOUNDATION, INC.

By: *David B. Kaplan* 
David B. Kaplan, Esq.
Managing Member
1314-B Cave Rock Drive
Glenbrook, NV 89413
Telephone: 509-263-4625

On Sept. 27, 2017, David B. Kaplan, Esq., a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Manna International Enterprises, Inc. as its Managing Member.

*Sarah K. Davis*
Notary Public
Commission expires: 05/12/2020

SARAH K. DAVIS
NOTARY PUBLIC
STATE OF NEVADA
My Comm. Expires: 05-12-2020
Certificate No: 16-2575-5