1    Alyssa A. Qualls (IL Bar No. 6292124)
     Email:  quallsa@sec.gov
2    Amy S. Cotter (IL Bar No. 6238157)
     Email:  cottera@sec.gov
3    Raven A. Winters (IL Bar No. 6291077)
     Email:  wintersr@sec.gov
4
     Attorneys for Plaintiff
5    Securities and Exchange Commission
     Robert J. Burson, Associate Regional Director
6    Amy S. Cotter, Assistant Regional Director
     Alyssa A. Qualls, Regional Trial Counsel
7    175 West Jackson Blvd., Suite 900
     Chicago, Illinois 60604
8    Telephone: (312) 353-7390
     Facsimile: (312) 353-7398

9

10                    **UNITED STATES DISTRICT COURT**

11                         **DISTRICT OF NEVADA**

12                          **Northern Division**

13    SECURITIES AND EXCHANGE              Case No. 3:16-cv-00270-MMD-VPC
      COMMISSION,
14                                         Honorable Miranda Du
                       Plaintiff,
15                                         **FINAL JUDGMENT AS TO DEFENDANTS**
             vs.                           **DAVID B. KAPLAN, ESQ.,**
16                                         **SYNCHRONIZED ORGANIZATIONAL**
      DAVID B. KAPLAN, ESQ.,               **SOLUTIONS, LLC, SYNCHRONIZED**
17    SYNCHRONIZED ORGANIZATIONAL          **ORGANIZATIONAL SOLUTIONS**
      SOLUTIONS, LLC,                      **INTERNATIONAL, LTD., AND MANNA**
18    SYNCHRONIZED ORGANIZATIONAL          **INTERNATIONAL ENTERPRISES, INC.**
      SOLUTIONS INTERNATIONAL, LTD.,
19    and MANNA INTERNATIONAL
      ENTERPRISES, INC.,
20
                       Defendants,
21
             and
22
      LISA M. KAPLAN,
23    THE WATER-WALKING
      FOUNDATION, INC., and
24    MANNA INVESTMENTS, LLC,
25                     Relief Defendants.
26

27

28

The Securities and Exchange Commission having filed a Complaint, Defendants David B. Kaplan, Esq., Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions International, Ltd., and Manna International Enterprises, Inc. (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XI); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Kaplan is permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)], by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being associated with a broker or dealer that is registered in accordance with Section 15(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with

1    Defendants or with anyone described in (a).

2                                              IV.

3          IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

4    are liable for disgorgement of $7,139,884.87, representing funds received as a result of the conduct

5    alleged in the Complaint, together with prejudgment interest thereon in the amount of $680,157.61,

6    and a civil penalty in the amount of $300,000 pursuant to Section 20(d) of the Securities Act [15

7    U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendants

8    shall partially satisfy this obligation through the transfer of balances held in the frozen accounts

9    after entry of this Final Judgment, as set forth in paragraphs V to IX below.  Any amounts paid

10   toward disgorgement by Relief Defendants in this matter shall be credited against the disgorgement

11   amount ordered herein.

12         The Commission may enforce the Court's judgment for disgorgement and prejudgment

13   interest by moving for civil contempt (and/or through other collection procedures authorized by

14   law) at any time after 14 days following entry of this Final Judgment.  Defendants shall pay post

15   judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall

16   hold the funds, together with any interest and income earned thereon (collectively, the "Fund"),

17   pending further order of the Court.

18

19         The Commission may propose a plan to distribute the Fund subject to the Court's approval.

20   Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of

21   Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the

22   administration of any distribution of the Fund.  If the Commission staff determines that the Fund

23   will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to

24   the United States Treasury.

25

26         Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid

27   as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for

28   all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty,

Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Bank of America, N.A. ("Bank of America") shall transfer the entire balance of the following Bank of America accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Synchronized Organizational Solutions, LLC | #XXX-4100 |
| Kaplan, David B. | #XXX-9027 |
| Kaplan, David B. | #XXX-9030 |

Bank of America may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Bank of America also may transfer these funds by

certified check, bank cashier's check, or United States postal money order payable to the Securities

and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this

Court; and specifying that payment is made pursuant to this Final Judgment.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being

served with a copy of this Final Judgment, Citibank, N.A. ("Citibank") shall transfer the entire

balance of the following Citibank account which was frozen pursuant to an Order of this Court to

the Commission:

| Account Owner | Acct. Ending in: |
| --- | --- |
| Manna International Enterprises Inc. | #XXX-7740 |

Citibank may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from

a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

Citibank also may transfer these funds by certified check, bank cashier's check, or United States

postal money order payable to the Securities and Exchange Commission, which shall be delivered

or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this

Court; and specifying that payment is made pursuant to this Final Judgment.

VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being

served with a copy of this Final Judgment, Merrill Edge Bank of America ("Merrill Edge") shall

transfer the entire balance of the following Merrill Edge account which was frozen pursuant to an

Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. | #XXX-4R29 |

   Merrill Edge may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from

a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

Merrill Edge also may transfer these funds by certified check, bank cashier's check, or United

States postal money order payable to the Securities and Exchange Commission, which shall be

delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this

Court; and specifying that payment is made pursuant to this Final Judgment.

VIII.

   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being

served with a copy of this Final Judgment, TD Ameritrade ("TD Ameritrade") shall transfer the

entire balance of the following TD Ameritrade account which was frozen pursuant to an Order of

this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. | #XXX-8969 |

   TD Ameritrade may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from

a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

TD Ameritrade also may transfer these funds by certified check, bank cashier's check, or United

States postal money order payable to the Securities and Exchange Commission, which shall be

delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

IX.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Wells Fargo Bank, N.A. ("Wells Fargo") shall transfer the entire balance of the following Wells Fargo accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
| --- | --- |
| Manna International Enterprises Inc. | #XXX-4725 |
| Kaplan, David B. | #XXX-7815 |
| Manna International Enterprises Inc. | #XXX-9129 |
| Kaplan, David B. | #XXX-9813 |

Wells Fargo may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wells Fargo also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with

1   all of the undertakings and agreements set forth therein.

2                                    XI.

3          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

4   exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

5   allegations in the complaint are true and admitted by Defendant Kaplan, and further, any debt for

6   disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Kaplan under

7   this Final Judgment or any other judgment, order, consent order, decree or settlement agreement

8   entered in connection with this proceeding, is a debt for the violation by Defendant Kaplan of the

9   federal securities laws or any regulation or order issued under such laws, as set forth in Section

10  523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

11                                   XII.

12         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

13  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

14  Dated: _____January 8, 2018_____, 2017

15

16                                   _____
                                     The Honorable Miranda Du
17                                   United States District Judge

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Alyssa A. Qualls (IL Bar No. 6292124)
Email: quallsa@sec.gov
Amy S. Cotter (IL Bar No. 6238157)
Email: cottera@sec.gov
Raven A. Winters (IL Bar No. 6291077)
Email: wintersr@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Robert J. Burson, Associate Regional Director
Amy S. Cotter, Assistant Regional Director
Alyssa A. Qualls, Regional Trial Counsel
175 West Jackson Blvd., Suite 900
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**Northern Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., and MANNA INTERNATIONAL ENTERPRISES, INC., <br><br> Defendants, <br><br> and <br><br> LISA M. KAPLAN, THE WATER-WALKING FOUNDATION, INC., and MANNA INVESTMENTS, LLC, <br><br> Relief Defendants. | Case No. 3:16-cv-00270-MMD-VPC <br><br> Honorable Miranda Du <br><br> **CONSENT OF DEFENDANTS DAVID B. KAPLAN, ESQ., SYNCHRONIZED ORGANIZATIONAL SOLUTIONS, LLC, SYNCHRONIZED ORGANIZATIONAL SOLUTIONS INTERNATIONAL, LTD., AND MANNA INTERNATIONAL ENTERPRISES, INC. TO ENTRY OF JUDGMENT** |

Case No. 3:16-cv-00270-MMD-VPC

1.  Defendants David B. Kaplan, Esq., Synchronized Organizational Solutions, LLC, Synchronized Organizational Solutions International, Ltd., and Manna International Enterprises, Inc. (collectively, "Defendants") acknowledge having been served with the Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants, and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, and agrees:

    (a)    to be permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] (as to all Defendants), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder (as to all Defendants), and Section 15(a)(1) of the Exchange Act [5 U.S.C. § 78o(a)(1)] (as to Defendant Kaplan only) ;

    (b)    to jointly and severally pay disgorgement in the amount of $7,139,884.87, plus prejudgment interest thereon in the amount of $680,157.61;

    (c)    to jointly and severally pay a civil penalty in the amount of $300,000, under Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act;

    (d)    to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, Bank of America, N.A. ("Bank of America") shall transfer the entire balance of the following Bank of America accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Synchronized Organizational Solutions, LLC | #XXX-4100 |
| Kaplan, David B. | #XXX-9027 |
| Kaplan, David B. | #XXX-9030 |

Bank of America may transmit payment electronically to the Commission,

1  which will provide detailed ACH transfer/Fedwire instructions upon request.

2  Payment may also be made directly from a bank account via Pay.gov through

3  the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Bank of

4  America also may transfer these funds by certified check, bank cashier's

5  check, or United States postal money order payable to the Securities and

6  Exchange Commission, which shall be delivered or mailed to

7

8  Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
9  Oklahoma City, OK 73169

10  and shall be accompanied by a letter identifying the case title, civil action

11  number, and name of this Court; and specifying that payment is made

12  pursuant to this Final Judgment;

13  (e)  to the entry of a Final Judgment that orders that within 3 days after being

14  served with a copy of the Final Judgment, Citibank, N.A. ("Citibank") shall

15  transfer the entire balance of the following Citibank account which was

16  frozen pursuant to an Order of this Court to the Commission:

17

| Account Owner | Acct. Ending in: |
|---|---|
| Manna International Enterprises Inc. | #XXX-7740 |

18

19  Citibank may transmit payment electronically to the Commission, which will

20  provide detailed ACH transfer/Fedwire instructions upon request.  Payment

21  may also be made directly from a bank account via Pay.gov through the SEC

22  website at http://www.sec.gov/about/offices/ofm.htm.  Citibank also may

23  transfer these funds by certified check, bank cashier's check, or United States

24  postal money order payable to the Securities and Exchange Commission,

25  which shall be delivered or mailed to

26

27  Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
28  Oklahoma City, OK 73169

Case No. 3:16-cv-00270-MMD-VPC

1  and shall be accompanied by a letter identifying the case title, civil action

2  number, and name of this Court; and specifying that payment is made

3  pursuant to this Final Judgment;

4  (f)  to the entry of a Final Judgment that orders that within 3 days after being

5  served with a copy of the Final Judgment, Merrill Edge Bank of America

6  ("Merrill Edge") shall transfer the entire balance of the following Merrill

7  Edge account which was frozen pursuant to an Order of this Court to the

8  Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. | #XXX-4R29 |

11  Merrill Edge may transmit payment electronically to the Commission, which

12  will provide detailed ACH transfer/Fedwire instructions upon request.

13  Payment may also be made directly from a bank account via Pay.gov through

14  the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Merrill Edge

15  also may transfer these funds by certified check, bank cashier's check, or

16  United States postal money order payable to the Securities and Exchange

17  Commission, which shall be delivered or mailed to

18
19  Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
20  Oklahoma City, OK 73169

21  and shall be accompanied by a letter identifying the case title, civil action

22  number, and name of this Court; and specifying that payment is made

23  pursuant to this Final Judgment;

24  (g)  to the entry of a Final Judgment that orders that within 3 days after being

25  served with a copy of the Final Judgment, TD Ameritrade, Inc. ("TD

26  Ameritrade") shall transfer the entire balance of the following TD Ameritrade

27  account which was frozen pursuant to an Order of this Court to the

28  Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Kaplan, David B. | #XXX-8969 |

TD Ameritrade may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  TD Ameritrade also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment; and

(h)     to the entry of a Final Judgment that orders that within 3 days after being served with a copy of the Final Judgment, Wells Fargo Bank, N.A. ("Wells Fargo") shall transfer the entire balance of the following Wells Fargo accounts which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Manna International Enterprises Inc. | #XXX-4725 |
| Kaplan, David B. | #XXX-7815 |
| Manna International Enterprises Inc. | #XXX-9129 |
| Kaplan, David B. | #XXX-9813 |

Wells Fargo may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Wells Fargo

1    also may transfer these funds by certified check, bank cashier's check, or

2    United States postal money order payable to the Securities and Exchange

3    Commission, which shall be delivered or mailed to

4         Enterprise Services Center
          Accounts Receivable Branch
5         6500 South MacArthur Boulevard
          Oklahoma City, OK 73169
6

7    and shall be accompanied by a letter identifying the case title, civil action

8    number, and name of this Court; and specifying that payment is made

9    pursuant to this Final Judgment.

10    3.    Defendants acknowledge that the civil penalty paid pursuant to the Final Judgment

11    may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley

12    Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the civil penalty shall

13    be treated as a penalty paid to the government for all purposes, including all tax purposes.  To

14    preserve the deterrent effect of the civil penalty, Defendants agree that they shall not, after offset or

15    reduction of any award of compensatory damages in any Related Investor Action based on

16    Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they

17    further benefit by, offset or reduction of such compensatory damages award by the amount of any

18    part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any

19    Related Investor Action grants such a Penalty Offset, Defendants agree that they shall, within 30

20    days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this

21    action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as

22    the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall

23    not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of

24    this paragraph, a "Related Investor Action" means a private damages action brought against

25    Defendants by or on behalf of one or more investors based on substantially the same facts as alleged

26    in the Complaint in this action.

27    4.    Defendants agree that they shall not seek or accept, directly or indirectly,

28    reimbursement or indemnification from any source, including but not limited to payment made

1  pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

2  pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are

3  added to a distribution fund or otherwise used for the benefit of investors.  Defendants further agree

4  that they shall not claim, assert, apply for a tax deduction or tax credit with regard to any federal,

5  state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment,

6  regardless of whether such penalty amounts or any part thereof are added to a distribution fund or

7  otherwise used for the benefit of investors.

8  　　　　　5.　　　Defendants waive the entry of findings of fact and conclusions of law pursuant to

9  Rule 52 of the Federal Rules of Civil Procedure.

10  　　　　　6.　　　Defendants waive the right, if any, to a jury trial and to appeal from the entry of the

11  Final Judgment.

12  　　　　　7.　　　Defendants enter into this Consent voluntarily and represent that no threats, offers,

13  promises, or inducements of any kind have been made by the Commission or any member, officer,

14  employee, agent, or representative of the Commission to induce Defendants to enter into this

15  Consent.

16  　　　　　8.　　　Defendants agree that this Consent shall be incorporated into the Final Judgment

17  with the same force and effect as if fully set forth therein.

18  　　　　　9.　　　Defendants will not oppose the enforcement of the Final Judgment on the ground, if

19  any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

20  hereby waives any objection based thereon.

21  　　　　　10.　　　Defendants waive service of the Final Judgment and agree that entry of the Final

22  Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of

23  its terms and conditions.  Defendants further agree to provide counsel for the Commission, within

24  thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or

25  declaration stating that Defendants have received and read a copy of the Final Judgment.

26  　　　　　11.　　　Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted

27  against Defendants in this civil proceeding.  Defendants acknowledge that no promise or

28  representation has been made by the Commission or any member, officer, employee, agent, or

1  representative of the Commission with regard to any criminal liability that may have arisen or may

2  arise from the facts underlying this action or immunity from any such criminal liability.  Defendants

3  waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the

4  imposition of any remedy or civil penalty herein.  Defendants further acknowledge that the Court's

5  entry of a permanent injunction may have collateral consequences under federal or state law and the

6  rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

7  organizations.  Such collateral consequences include, but are not limited to, a statutory

8  disqualification with respect to membership or participation in, or association with a member of, a

9  self-regulatory organization.  This statutory disqualification has consequences that are separate from

10  any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding

11  before the Commission based on the entry of the injunction in this action, Defendants understand

12  that they shall not be permitted to contest the factual allegations of the complaint in this action.

13       12.    Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e),

14  which provides in part that it is the Commission's policy "not to permit a defendant or respondent to

15  consent to a judgment or order that imposes a sanction while denying the allegations in the

16  complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial,

17  unless the defendant or respondent states that he neither admits nor denies the allegations."  As part

18  of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants:  (i) will not

19  take any action or make or permit to be made any public statement denying, directly or indirectly,

20  any allegation in the complaint or creating the impression that the complaint is without factual

21  basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do

22  not admit the allegations of the complaint, or that this Consent contains no admission of the

23  allegations, without also stating that Defendants do not deny the allegations; (iii) upon the filing of

24  this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny

25  any allegation in the complaint; and (iv) (as to Defendant Kaplan only) stipulate solely for purposes

26  of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that

27  the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment

28  interest, civil penalty or other amounts due by Defendant Kaplan under the Final Judgment or any

other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Kaplan of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendants':  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action.  For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

14.    Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12-12-17

By: 
David B. Kaplan, Esq.
1314-B Cave Rock Drive
Glenbrook, NV 89413
Telephone:  509-263-4625

On _____Dec. 12_____, 2017, David B. Kaplan, Esq., a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

THERESA LARSEN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-07-2021
Certificate No: 11-5618-5

Notary Public
Commission expires: 2/7/21

9                    Case No. 3:16-cv-00270-MMD-VPC

SYNCHRONIZED ORGANIZATIONAL
SOLUTIONS, LLC

By: _____
David B. Kaplan, Esq.
Managing Member
1314-B Cave Rock Drive
Glenbrook, NV 89413
Telephone:  509-263-4625

On _____Dec. 12_____, 2017, David B. Kaplan, Esq., a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Synchronized Organizational Solutions, LLC as its Managing Member.

THERESA LARSEN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-07-2021
Certificate No: 11-5618-5

_____
Notary Public
Commission expires: 2/7/21

**SYNCHRONIZED ORGANIZATIONAL
SOLUTIONS INTERNATIONAL, LTD.**

By: _____
David B. Kaplan, Esq.
Director
1314-B Cave Rock Drive
Glenbrook, NV 89413
Telephone: 509-263-4625

On _____Dec. 12_____, 2017, David B. Kaplan, Esq., a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Synchronized Organizational Solutions International, Ltd. as its Director.

_____
Notary Public
Commission expires: 2/7/21

THERESA LARSEN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-07-2021
Certificate No: 11-5618-5

MANNA INTERNATIONAL ENTERPRISES, INC.

By: 

David B. Kaplan, Esq.
Managing Member
1314-B Cave Rock Drive
Glenbrook, NV 89413
Telephone:  509-263-4625

On _____Dec. 12_____, 2017, David B. Kaplan, Esq., a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Manna International Enterprises, Inc. as its Managing Member.

THERESA LARSEN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-07-2021
Certificate No: 11-5618-5

_____
Notary Public
Commission expires:  2/7/21

12                    Case No. 3:16-cv-00270-MMD-VPC