UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SECURITIES AND EXCHANGE
COMMISION,

                              Plaintiff,

        v.

DAVID B. KAPLAN, *et al.*,

                              Defendants,

DEAN PROPERTIES, LLC,

                              Respondent, and

MATTHEW KAPLAN,

                              Intervenor.

Case No. 3:16-cv-00270-MMD-CBC

ORDER

## I.    SUMMARY

The Securities and Exchange Commission ("SEC") brought this action for alleged violation of federal securities laws (ECF No. 1), and the Court ordered a temporary restraining order ("TRO") (ECF No. 13) and preliminary injunction (ECF No. 23), freezing defendants' assets. Dean Properties, LLC ("Dean Properties"), a third party, has attempted to foreclose on real property that the SEC contends is subject to the Court's order and in violation of that order. Before the Court are the SEC's Motion to Enforce the May 20, 2016 Asset Freeze and to Declare the Deans' Lien Invalid ("Motion") (ECF No. 131), and Dean Properties' Countermotion for Declaratory Relief ("Countermotion") (ECF

///

///

///

No. 134).[1] Because defendants violated the Court's order, and as further explained below, the Court will grant the SEC's Motion, and deny Dean Properties' Countermotion.

## II.    BACKGROUND

On May 6, 2015, David and Lisa Kaplan acquired 1314 Cave Rock Drive, Unit B, Zephyr Cove in Douglas County, Nevada ("the Property") as community property. (ECF Nos. 131 at 3, 132-5.) On April 6, 2016, David Kaplan quitclaimed his interest in the Property to Lisa Kaplan as her sole and separate property. (ECF No. 131-1.)

One year later—on May 19, 2016—the SEC filed this case against David Kaplan, Synchronized Organizational Solutions International LTD ("SOSI") and two other entities (collectively "Defendants"), and Lisa Kaplan and two additional entities (collectively "Relief Defendants"). (ECF No. 1.) The SEC alleges that Defendants violated federal securities laws and seeks equitable disgorgement against Relief Defendants. (*Id.*) On May 20, 2016, the Court entered a TRO. (ECF No. 13.) The Court later extended the TRO to a Preliminary Injunction with the parties' consent (collectively "the Asset Freeze").[2] (ECF No. 23.) The Asset Freeze ordered Defendants to retain funds and other assets held by them, directly or indirectly, and to prevent the withdrawal, sale, payment, transfer, assignment, encumbrance, or disposal, of such assets. (ECF Nos. 13 at 3, 23.) On January 8, 2018, the Court entered two final judgments in the SEC's favor requiring Defendants to pay a disgorgement penalty of $7,139,884.87 and a civil penalty of $300,000 (ECF No. 105), and Relief Defendants to pay $340,764.75 (ECF No. 106).

Dean Properties and James and Marla Dean (collectively "the Deans") are among the investors allegedly injured by Defendants David Kaplan and SOSI (collectively "the

---

[1]The Court has reviewed the parties' responses and replies to these motions. (ECF Nos. 132, 135, 136, 137.)

[2]Defendants and Relief Defendants filed a joint motion for preliminary injunction with the SEC in which Defendants and Relief Defendants consented to this Court's personal jurisdiction over them and the subject matter of this action, waived findings of fact and conclusions of law and consented to entry of the Preliminary Injunction Order. (ECF No. 22-1 at 2, ¶ B-F.)

Kaplan Defendants"). (ECF No. 131 at 4.) On January 14, 2016, the Deans filed a lawsuit in the U.S. District Court for the Eastern District of Virginia[3] against the Kaplan Defendants (*id.*), who later consented to having a judgment ("the Dean Judgment") entered against them in the amount of $4.08 million. (ECF No. 131-3.)

Although the SEC sent the Deans' counsel notice of the TRO in this case on June 1, 2016 (ECF No. 131-2), the Deans proceeded to record the Dean Judgment in the District Court of Clark County, Nevada (ECF Nos. 131 at 5, 132-4 (Application of Foreign Judgment)), creating a lien on the Kaplan Defendants' property in the county ("the Lien") (ECF No. 131 at 5). The Deans twice filed a Writ of Execution[4] on all property owned by the Kaplan Defendants (ECF No. 131 at 5-6). On January 25, 2019, the Douglas County Sheriff served a Notice of Sheriff's Sale on David Kaplan involving the Property based on the Dean Judgment. (*Id.* at 6.) David Kaplan informed the SEC who, on January 31, 2019, contacted the Deans' counsel and reminded him of the Asset Freeze and the SEC's interest in the Property.[5] (*Id.* at 6 n.6.) The sale was scheduled to occur on February 18, 2019. (*Id.*) But then Lisa Kaplan filed a declaration with a Nevada state court objecting to the proposed sale on grounds that, *inter alia*, she is not a judgment debtor of the Dean Judgment and she is the sole owner of the Property but was not named or served in the sale proceeding. (*Id.* at 6.)

On February 11, 2019, the SEC filed an Emergency Motion for an Order Staying the February 28, 2019 Sheriff's Sale and Related State Court Proceedings (the "Stay Motion"). (ECF No. 117.) On February 27, 2019, the Court granted the Stay Motion (ECF

---

[3]*Dean Properties, LLC, et al. v. Synchronized Organizational Solutions International LTD, et al.*, Case No. 1:16-cv-00050-LO-TCB (E.D. Va Filed Jan. 14, 2016).

[4]On February 8, 2018, the Deans filed their first Writ of Execution, and the Douglas County Sheriff served a Notice of Sheriff's Sale for the Property on the Kaplan Defendants. (ECF No. 131 at 5.) The sale was scheduled to take place on April 19, 2018, but it presumably did not occur because the SEC, David and Lisa Kaplan and the Deans were in settlement negotiations regarding the Property. (*Id.* at 5-6.) Those negotiations were unsuccessful. (*Id.* at 6.)

[5]Dean Properties does not dispute this.

No. 128) after a hearing, and entered an order reflecting the same on March 8, 2019 (ECF No. 130).

The SEC now requests that the Court enter an order: (a) finding that the Deans do not hold any interest in the Property; (b) directing the cancellation of the Lien on any property subject to the Asset Freeze, including the Property; (c) enjoining the Deans from attempting to execute on any properties or assets subject to the Asset Freeze; and (d) reserving the Court's jurisdiction to enforce all its orders and judgments in this matter. (ECF No. 131 at 14.)

## III. DISCUSSION

The SEC argues that the Deans do not have a right to execute against the Property since title is held by Lisa Kaplan, the Deans' attempt to execute on the Property violates the Asset Freeze and the Court should exercise its equitable power to protect the SEC's enforcement efforts by cancelling the Dean Judgment's liens on properties subject to the Asset Freeze. (ECF No. 131 at 8-13.) The Court agrees with the SEC's latter two arguments and declines to address the first argument.

To start, this Court ordered a lawful asset freeze that covered all property belonging to Defendants and Relief Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Court's inherent equitable authority. [6] (ECF Nos. 13 and 23.) *See also S.E.C. v. Int'l Swiss Invs. Corp.*, 895 F.2d 1272,1276 (9th Cir. 1990) (stating that asset freezes lie within a court's equitable powers). Even Dean Properties concedes that the Asset Freeze clearly enjoined the Kaplan Defendants from dissipating their funds and assets. (ECF No. 132 at 8:9-10, 9:11-17; *see also* ECF No. 13 at 3-4; ECF No. 23 at 2, ¶ A-B.) Specifically, the Asset Freeze prohibited the Kaplan Defendants from "incurring a

---

[6]Dean Properties objects to the Asset Freeze on grounds that it violates due process and the Takings Clause of the U.S. Constitution, but these objections are not well taken. (ECF No. 132 at 9-10.) First and foremost, Dean Properties lacks standing to assert any constitutional violations since the Asset Freeze does not cover its property at the time of entry. And, as discussed *supra*, the Deans never had a property interest in the Kaplan Defendants' assets. Moreover, the SEC gave Dean Properties notice of the Asset Freeze on two separate occasions. (ECF No. 131-2; *id.* at 6 n.6).

4

debt upon" their funds or assets. (ECF No. 23 at 3.) Despite knowing this, they consented to entry of the Dean Judgment in the amount of $4.08 million against them. (ECF No. 131-3.) The Kaplan Defendants have squarely violated the Asset Freeze.

The Deans do not point to any other basis that can buttress the Lien or the Deans' purported interest in any property subject to the Asset Freeze. Accordingly, the Court will set aside the Lien, and finds that the Deans have no interest in any property or asset subject to the Asset Freeze, including the Property. *See Donell v. Canyon Lenders, LLC*, Case No. CV-S-04-1071-KJD-LRL, 2006 WL 8442064, at *1 (D. Nev. Mar. 27, 2006) (voiding and setting aside a quitclaim deed that the defendant recorded in violation of a preliminary injunction imposed in another case).

Additionally, "federal courts have inherent equitable authority to issue a variety of ancillary relief measures in actions brought by the SEC to enforce the federal securities laws." *S.E.C. v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) (citation and quotes omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991) (recognizing that district courts can exercise their inherent powers to maintain the integrity of the courts and ensure the orderly and expeditious disposition of cases before them). "The power to grant a preliminary injunction which freezes assets is among the district court's inherent equitable powers." *Int'l Swiss Invs. Corp.*, 895 F.2d at 1276. The Court exercises that power here to set aside the Lien, and to enjoin the Deans from executing on the Property.

First, by consenting to entry of the Dean Judgment, the Deans and the Kaplan Defendants have frustrated the purpose of the Asset Freeze, which was to preserve assets for disgorgement and civil penalties that the Court in fact ordered. (*See* ECF No. 13 at 1, ¶ C (outlining the purpose of the TRO); ECF No. 105.) *See also S.E.C. v. Hickey*, 322 F.3d 1123, 1132 (holding that an asset freeze was necessary to preserve assets for disgorgement); *King v. Saddleback Junior Coll. Dist.*, 425 F.2d 426, 427 (9th Cir. 1970) ("It is the function of a preliminary injunction to preserve the status quo pending a determination of the action on the merits."). Second, their misconduct has compromised the SEC's effective enforcement of a federal securities law. *See Wencke*, 622 F.2d at

1372 ("There is a strong federal interest in insuring effective relief in SEC actions brought to enforce the securities laws."). The SEC has twice notified the Deans that the Asset Freeze covered all properties belonging to Defendants and Relief Defendants. (ECF Nos. 131-2, 131 at 6 n.6.) But the Deans flouted the Asset Freeze—violating it multiple times when they entered into the Dean Judgment (ECF No. 131-3), recorded their judgment lien (ECF No. 131 at 5), and attempted to execute a writ on the Subject Property on two occasions (*id.* at 5-6). Under the circumstances here, if the Court were to allow the Deans to go unchecked, other injured investors could race to the courthouse and enter side deals with Defendants and Relief Defendants at the expense of the SEC's enforcement efforts.

To preserve the status quo, effectuate the final judgments in this case and ensure the integrity of this Court's proceedings, the Court finds it necessary to use its inherent equitable powers to set aside the Lien and enjoins the Deans from executing on any properties subject to the Asset Freeze. *See Wencke*, 622 F.2d at 1371 (recognizing that district courts have "broad equitable powers . . . to shape equitable remedies to the *necessities of particular cases*") (emphasis added); *Hickey*, 322 F.3d at 1131 (acknowledging that a court's authority to grant ancillary relief does not depend on statutes but rather "derives from the inherent power of a court of equity to fashion *effective* relief") (emphasis added) (citation and quotes omitted).

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.[7]

---

[7]Given that the Deans assert the same arguments in their Countermotion as they did in their opposition brief, the Court will deny their Countermotion as moot. The Court further agrees with the SEC that the Deans' claim for declaratory judgment is procedurally defective because such claim requires the "the filing of an appropriate pleading[.]" 28 U.S.C. § 2201(a). And while claims seeking declaratory judgment can also be filed through either a counterclaim or crossclaim, the Deans have filed neither. *See Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 2050990, at *3 n.2 (N.D. Cal. May 13, 2008)

It is therefore ordered that Plaintiff's Motion (ECF No. 131) is granted. The Court sets aside the lien on the Property created through the Application of Foreign Judgment. The Court also enjoins Dean Properties, LLC, James V. Dean, and Marla D. Dean from executing on any properties subject to the Asset Freeze. (ECF Nos. 13 and 23.)

It is therefore ordered that Dean Properties LLC's Countermotion (ECF No. 134) is denied as moot.

DATED THIS 20th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

_____

(noting that "[t]here is no reason why [declaratory judgment suits] may not be initiated in the form of a counterclaim" (citation and quotes omitted)); *Redmond v. Alexander*, 98 B.R. 557, 559 (D. Kan. 1989) ("[D]eclaratory judgment may be sought by way of counterclaim or cross-claim.").